UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HARLAN PHILLIPS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. |
| BUTLER UNIVERSITY, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Harlan Phillips ("Phillips"), by counsel, against Defendant, Butler University ("Defendant") alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.*

### II. PARTIES

2. Phillips is a resident of Marion County, Indiana, who at all relevant times to this action, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and routinely conducts business in Marion County, Indiana, which is located within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5).

6. Phillips was an "employee" as that term is defined by 42 U.S.C. §12111(4).

7. Phillips is an individual with a "disability" as that term is defined by 42 U.S.C. § 12102(2). Defendant was aware of Phillips' disability and/or regarded him as a disabled individual and/or the Defendant has a written record of Phillips' disability.

8. Phillips satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination (Charge No. 470-2025-00378) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination and retaliation for engaging in a protected activity. Phillips received his Notice of Suit Rights and timely files this action.

9. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

## IV.  FACTUAL ALLEGATIONS

10. Phillips was hired by Defendant on or about September 3, 2024, as an Infrastructure Analyst.

11. At all relevant times, Phillips met or exceeded Defendant's legitimate performance expectations.

12. Phillips is considered disabled under the ADA. Phillips is an individual with Autism Spectrum Disorder. He suffers from mental and/or physical impairments that substantially limit one or more major life activities. Defendant was aware of Phillips' disability and/or regarded him as disabled.

13. Phillips reported to Zach Skidmore ("Skidmore"), Defendant's Infrastructure Manager.

14. Phillips was told that his tech skills were never in question and was commended for his capabilities and timely completion of projects.

15. Approximately one week after Phillips started, Skidmore sent Phillips an email criticizing his workplace etiquette; specifically, Skidmore noted that Phillips needed to improve his eye contact and better respond to cultural cues. In response, on or about September 17, 2024, Phillips disclosed that he was on the Autism Spectrum and requested accommodations. Phillips asked for understanding and additional time to improve his social interactions related to his disability. He also requested to be issued a standard zip pullover, an item that was issued for other employees in order to comply with the dress code, and asked not to receive weekend communications, as those caused him undue stress.

16. On or about September 20, 2024, Skidmore met with Phillips again. In this meeting, Skidmore told Phillips that he needed to "figure out his cultural issues" or he would be terminated.

17. Following this meeting, Phillips engaged in protected activity when he complained to HR regarding Skidmore's discriminatory comments.

18. On or about October 1, 2024, Defendant terminated Phillips' employment, noting that he was a "bad cultural fit." The reason given is a pretext for disability discrimination and retaliation for engaging in a protected activity.

## V. CAUSES OF ACTION

### COUNT I: ADA – DISABILITY DISCRIMINATION

19. Phillips hereby incorporates paragraphs one (1) through eighteen (18) of his Complaint as if the same were set forth at length herein.

20. Phillips suffers from a disability that substantially limits him in one or more major life activities.

21. Defendant discriminated against Phillips on the basis of his actual or perceived disability by failing to engage in the interactive process in good faith and terminating his employment.

22. Defendant's actions were intention, willful, and in reckless disregard of Phillips' rights as protected by the ADA.

23. Phillips has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: ADA – FAILURE TO ACCOMMODATE

24. Phillips hereby incorporates paragraphs one (1) through twenty-three (23) of his Complaint as if the same were set forth at length herein.

25. Phillips is an individual with a disability as defined by the ADA. His disability is known to the Defendant.

26. Phillips made a request for accommodations and/or to engage in the interactive process.

27. 42 U.S.C §12112(b)(5)(A) makes it unlawful when an employer is, in relevant part, "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability…unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity…"

28. Defendant's actions were intentional, willful, and in reckless disregard of Phillip's rights as protected by the ADA.

29. Phillips has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: ADA – RETALIATION

30. Phillips hereby incorporates paragraphs one (1) through twenty-three (23) of his Complaint as if the same were set forth at length herein.

31. Phillips engaged in a protected activity when he reported discriminatory comments to Defendant's HR.

32. Defendant retaliated against by terminating his employment.

33. Defendant's actions were intentional, willful, and in reckless disregard of Phillips' rights as protected by the ADA.

34. Phillips has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

**WHEREFORE**, Plaintiff, Harlan Phillips, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee based on their disability and/or retaliates against any employee after engaging in a protected activity;

2. Reinstate Plaintiff to his previous position with corresponding seniority;

3. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Compensatory damages for Defendant's violations of the ADA;

6. Punitive damages for Defendant's violations of the ADA;

7. All costs and attorney's fees incurred as a result of brining this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ *Andrew Dutkanych III*
Andrew Dutkanych III, Atty No. 23551-49
144 North Delaware Street
Indianapolis, Indiana 46204
Office:         (317) 991-4765
Facsimile:    (812) 424-1005
E-Mail:        ad@bdlegal.com

*Attorneys for Plaintiff, Harlan Phillips*

## DEMAND FOR JURY TRIAL

Plaintiff, Harlan Phillips, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ *Andrew Dutkanych III*
Andrew Dutkanych III, Atty No. 23551-49
144 North Delaware Street
Indianapolis, Indiana 46204
Office:         (317) 991-4765
Facsimile:    (812) 424-1005
E-Mail:        ad@bdlegal.com

*Attorneys for Plaintiff, Harlan Phillips*